IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GUADALUPE POMPA, JR. | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 2:24-cv-00043 |
| ROBERT DAN RIZA, | § § § | |
| Defendant | § § § | |

**DEFENDANT ROBERT DAN RIZA'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

ROBERT DAN RIZA, the Defendant in this matter (the "Mr. Riza"), files this Answer to Plaintiff's Original Petition [Document 1-2]. As its answer and affirmative defenses to Plaintiff's claims in this proceeding, Defendant states and would show the following:

**I.**

**STATEMENT OF SUBJECT MATTER JURISDICTION**

This court has subject matter jurisdiction because complete diversity exists between the parties, and Plaintiff seeks damages in excess of $75,000. 28 U.S.C. §§ 1332, 1441(a); *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079 (5th Cir. 2008), as follows:

a. Plaintiff Guadalupe Pompa, Jr. is a citizen of Texas and resident of Victoria County, Texas [Doc. 1-2 at p. 1].

b. Defendant Robert Dan Riza is a citizen and resident of Millington, Michigan. [Doc. 1-2 at p. 1].

## II.

### ANSWER

1. Mr. Riza denies that discovery in this case may be conducted pursuant to the Texas Rules of Civil Procedure, but instead pursuant to the Federal Rules of Civil Procedure.

2. Mr. Riza is without sufficient information to either admit or deny the accuracy of Plaintiff's driver's license or social security number as asserted in Paragraph 2.1 of Plaintiff's Original Petition,[1] but on information and belief, admits that Plaintiff is a resident of Victoria County, Texas.

3. Mr. Riza admits the allegations in Paragraph 2.2.

4. Mr. Riza is without sufficient information to admit or deny the allegations in Paragraph 3.1, as Plaintiff alternately indicates the motor vehicle accident occurred in Victoria, Texas, Petition at ¶ 4.1, or in Live Oak County, Texas, Petition at ¶ 4.2. However, Mr. Riza admits that this Court is of proper venue as this Court's jurisdiction extends to both Live Oak and Victoria Counties, Texas.

5. Mr. Riza denies the allegations in Paragraph 4.1.

6. Mr. Riza denies the allegations in Paragraph 4.2.

7. Mr. Riza denies the allegations in Paragraph 5.1, and subparagraphs a. through d.

8. Mr. Riza denies the allegations in Paragraph 6.1

9. Mr. Riza need not respond to Paragraph 7.1 in that it contains no allegations and refers to Texas Rules of Civil Procedure that do not apply in this case.

---

[1] Hereinafter, all paragraph references are to the specified numbered paragraphs of Plaintiff's Original Petition, filed in the 156th Judicial District of Live Oak County, Texas under Cause No. LCV240010, and removed to this Court on February 15, 2024.

10. Mr. Riza admits that Plaintiff has demanded a jury in this case as stated in Paragraph 8.1.

11. Mr. Riza denies that Plaintiff is entitled to the relief demanded in Paragraph 9.1, but admits that he seeks damages in excess of the jurisdictional limits of this Court.

12. Mr. Riza denies that Plaintiff is entitled to the relief demanded in Paragraph 9.2.

## II.

### AFFIRMATIVE DEFENSES

13. At the time and on the occasion in question, Plaintiff failed to exercise that degree of care exercised by ordinarily prudent persons under the same or similar circumstances, and this failure proximately caused or contributed to cause the accident that forms the basis of this suit and any injuries or damages sustained.

14. Pleading further, and again in the alternative, Mr. Riza would show that the accident made the basis of this lawsuit was not the fault of either party to it and hence was "unavoidable" as that term is known in law.

15. Pleading further, the incident complained of in Plaintiff's original petition, was not caused by any actions or inactions on the part of Mr. Riza, but rather was caused by a new and independent cause, not reasonably foreseeable, which destroyed the causal connection, if any, between the act and omission alleged by Plaintiff as to Mr. Riza with regard to the occurrence in question.

16. Pleading further, and again in the alternative, Mr. Riza, would show that the injuries complained of by Plaintiff were not caused by the accident made the basis of this lawsuit, but rather were pre-existing injuries sustained by Plaintiff, and were not proximately caused by, and were not the result of, the accident at issue in this lawsuit.

17.  To the extent that Plaintiff's medical special damages exceed the amount actually paid on Plaintiff's behalf, Mr. Riza, asserts the statutory defense set forth in § 41.0105 of the Texas Civil Practice & Remedies Code.  Thus, recovery of medical or health care expenses incurred by Plaintiff is limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

### III.

#### JURY DEMAND

18.  Defendant Robert Dan Riza hereby demands a jury in this case.

### IV.

#### PRAYER

WHEREFORE, Defendant Robert Dan Riza, requests the Court, at the appropriate time in this proceeding, to enter judgment in favor of Mr. Riza, and against Plaintiff, and further that Plaintiff's Original Petition or live pleading in the case be dismissed, with prejudice, that costs of court and attorneys' fees be awarded to Mr. Riza, and assessed against Plaintiff, and that the Court award Mr. Riza, all other relief, both at law and in equity, that the Court finds to be appropriate.

Respectfully submitted,

*s/ Owen H. Ellington*
Owen H. Ellington
State Bar No. 06534001
Fed ID No. 9926
77 Sugar Creek Center Blvd., Suite 325
Sugar Land, Texas  77478
Telephone:  (832) 500-4635
Facsimile:  (832) 999-4016
E-mail:  oellington@ellingtonlaw.com
**ATTORNEY-IN-CHARGE FOR**
**DEFENDANT ROBERT DAN RIZA**

**OF COUNSEL:**
Ellington & Associates
77 Sugar Creek Center Blvd., Suite 325
Sugar Land, Texas 77478
Telephone:     (832) 500-4635
Facsimile:      (832) 999-4016

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was sent to the following counsel of record through the Notice of Electronic Filing on this the 21st day of February, 2024.

    Chuck Cole
    COLE, COLE, EASLEY & SCIBA, P.C.
    302 West Forrest
    Victoria, Texas 77901

                                      *s/ Owen H. Ellington*
                                      Owen H. Ellington